IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 17-129 |
| | ) | Criminal No. 18-036 |
| DANIEL TEED, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Before the Court is Defendant's <u>second</u> Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A)(i).  ECF 46 at Crim. No. 18-036, ECF 83 at Crim. No. 17-129.  The Government has filed a Response to the Motion. ECF 48 at Crim. No. 18-036, ECF 86 at Crim. No. 17-129.  This Court previously denied Defendant's first Motion to Reduce Sentence on October 5, 2020.  ECF 45 at Crim. No. 18-036, ECF 82 at Crim. No. 17-129.  For the reasons set forth below, the Defendant's Motions will be DENIED.

**I. Background**

Defendant was originally convicted, at Crim. No. 17-129, of conspiracy to commit sex trafficking of children in violation of 18 U.S.C. § 1594(c).  The facts supporting this conviction were that Defendant and others contacted co-actor Ralph Ruprecht ("Ruprecht") via Craigslist and paid him money in order for them to participate in "gang bangs" with underage and adult women. On multiple occasions, Ruprecht brought the 16-year-old victim to have sex with as many as 8-9 adult men, including Defendant.  Defendant had sex with the underage victim approximately 3 times, knowing that she was only 16 years old, and actually drove her to sex

acts.  For this crime, Defendant was sentenced to 120 months imprisonment and 20 years of supervised release. (Doc. 38 at Crim. No. 17-129). This imprisonment sentence was substantially below Defendant's advisory guidelines sentencing range of 235 to 293 months' imprisonment.

After being sentenced by this Court to 120 months in prison for Defendant's violation of 18 U.S.C. § 1594(c), rather than self-report as ordered by this Court, Defendant absconded from the Western District of Pennsylvania.  Ultimately, he was found by the United States Marshal's Service in Arizona where Defendant had applied for an Arizona driver's license and a post office box in the name of a relative.  For this further unlawful conduct, Defendant was convicted, at Crim. No. 18-36, of Failure to Surrender for Service of Sentence in violation of 18 U.S.C. § 3146(a)(2) and 18 U.S.C. § 3146(b)(1)(A), and Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a)(1), and sentenced by this Court to an additional 18 months imprisonment.

**II. Standard of Review**

A motion for reconsideration such as the one filed by Defendant, here, may be filed in a criminal case. *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Specifically, a motion for reconsideration is generally permitted only if: (1) there is an intervening change in the controlling law; (2) new evidence becomes available that was not previously available at the time the Court issued its decision; or (3) to correct clear errors of law or fact or to prevent manifest injustice.  See *Howard Hess Dental,* 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

"[M]otions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin,*

2

292 F.Supp.2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting Reich v. Compton, 834 F.Supp.2d 753, 755 (E.D. Pa. 1993) rev'd in part and aff'd in part on other grounds, 57 F.3d 270 (3d Cir. 1995)).  Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Donegan v. Livingston, 877 F.Supp.2d 212, 226 (M.D. Pa. 2012) (quoting Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002)).

A court may not grant a motion for reconsideration when the motion simply restyles or rehashes issues previously presented.  Pahler v. City of Wilkes Barre, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001); see also Carroll v. Manning, 414 Fed. Appx. 396, 398 (3d Cir. 2011) (affirming denial of  "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and Grigorian v. Attorney General of U.S., 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . .  It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted).  Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. Rossi v. Schlarbaum, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

### III. Discussion

Turning to the instant case, Defendant is not arguing that there has been any sort of intervening change in the controlling law, nor that this Court needs to correct a clear error of law or fact or to prevent manifest injustice.  Instead, Defendant presents "new evidence" in the form of additional data concerning the number of COVID-19 cases in the federal prison system and specifically, at the facility where he is presently incarcerated – FCI Allenwood.   However, in light of the fact that as of today there are only two (2) inmates at Allenwood with confirmed cases of COVID-19, and there are zero staff with confirmed cases of COVID-19, this Court is not persuaded to reconsider its prior decision.  https://www.bop.gov/coronavirus (last visited 3/3/2021).

Moreover, and perhaps more importantly, the basis for the Court's prior Order was although Defendant's medical conditions established an extraordinary and compelling reasons for compassionate release under Section 3582(c)(1)(A)(i), release was not granted due to the fact that release to home confinement would not be consistent with the applicable factors set forth in Section 3553(a) and the dangerousness consideration set forth in Section 3142(g).

There is nothing in Defendant's instant Motion which suggests any further consideration of the Section 3553(a) factors is required.  Therefore, this Court DENIES Defendant's instant Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A)(i).  ECF 46 at Crim. No. 18-036, ECF 83 at Crim. No. 17-129.

**SO ORDERED**, this 3rd day of March, 2021.

s/   Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All ECF Registered Counsel of Record