IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DANIEL TEED,

       Defendant.

Criminal No. 18-036
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court is Defendant's counseled motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF 62. The Government filed a brief in opposition to same, making the matter ripe for disposition. ECF 66. For the reasons that follow, the Court will deny Defendant's request for relief.

**I. BACKGROUND**

On October 17, 2017, in criminal case number 17-0129, this Court sentenced Defendant to 120 months' imprisonment for conspiracy to commit sex trafficking of children in violation of 18 U.S.C. § 1594(c). Defendant's charges in case number 17-0129 stemmed from him having sex with a 16-year-old minor three times in 2015 and 2016.[1] On the day of his sentencing hearing in that case, this Court, after granting Defendant's request to self-report to the federal

---

[1] The facts supporting Defendant's original conviction at docket no. 17-0129 were that Defendant contacted co-actor Ralph Ruprecht ("Ruprecht") via Craigslist and paid Ruprecht money in order to participate in "gang bangs" with underage and adult women. On multiple occasions, Ruprecht brought a 16-year-old victim to have sex with as many as eight to nine adult men, including Defendant. Defendant had sex with the underage victim approximately 3 times, knowing that she was only 16 years old.

correctional institution to which he would be assigned,[2] ordered Defendant, within three days, to register as a convicted sex offender in compliance with the Sex Offender Registration and Notification Act ("SORNA").  At some point thereafter, the Bureau of Prisons ("BOP") notified Defendant he had to report to FCI-Loretto by January 2, 2018.  Instead of reporting to prison, Defendant fled and became the subject of a six-week manhunt, ultimately leading to his arrest in Arizona.

Defendant was indicted at the instant docket number (18-0036) for the crimes of failing to register as a sex offender, and for failing to surrender for service of his sentence in case number 17-0129.  ECF 1.  Defendant pled guilty to both of these indictment charges. ECF 21. Defendant's Presentence Investigation Report ("PSR") noted that Defendant had one prior conviction and sentence at 17-0129, as referenced above, which netted him three criminal history points. ECF 26. The PSR also assigned Defendant two additional criminal history points because he committed the instant offenses while under a criminal justice sentence. *Id.* (These two additional criminal history points are commonly referred to as "status points."). This resulted in a total criminal history point-score of "five" which translates to a Criminal History Category of "III."

This Court sentenced Defendant in the instant case within the guideline range (based on Defendant's Criminal History Score of III and a total offense level of 13), to serve an 18-month term of imprisonment to run consecutively to the 120-month term of imprisonment at docket number 17-0129. [3]

---

[2] At the time of his offenses and sentencing, Defendant, a college graduate, was employed and making close to $100,000.00 per year in salary and commissions. He had remained employed, had been fully compliant with all of his pre-trial conditions, although his employer was not aware of his arrest.

[3] The guideline range for a person with an offense level of 13 and a Criminal History Score of III, is 18 to 24 months imprisonment.

## II. APPLICABLE LAW

Defendant's motion for a sentence reduction is based on Part "A" of Amendment 821.

As explained in *Unites States v. Howell*, Crim. No. 19-190, 2024 WL 3564860 (W.D. Pa. July 29, 2024) (J. Horan), Part A of Amendment 821 to the United States Sentencing Guidelines:

> addresses whether "status" points are added to a defendant's criminal history score, based upon whether the defendant committed "the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(e). Amendment 821 revises how such "status" points are calculated for defendants. Prior to Amendment 821, any offender, who committed their present offense while under a criminal justice sentence, was assigned 2 status points, regardless of their criminal history points. Now, offenders who have 6 or fewer criminal history points, as calculated under § 4A1.1(a)-(d), are not assigned any status points, while those who have 7 or more points are assigned 1 status point.

*Howell*, 2024 WL 3564860 at *1.

Title 18, United States Code, Section 3582(c)(2) ("Section 3582(c)(2)"), indicates that a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission, may request, and a Court may grant, a reduction to his sentence after considering the 18 U.S.C. § 3553(a) factors, if such a reduction is consistent with the applicable policy statements issued by the Commission. The policy statements at issue, which allow this Court to reduce Defendant's sentence, at its discretion, are set forth at U.S.S.G. § 1B1.10.

In *Dillon v. U.S.*, 560 U.S. 817 (2010), the United States Supreme Court established a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted.

At step one, the Court is "to follow the Commission's instructions from U.S.S.G. § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 826. Section § 1B1.10(b)(1) instructs a court to:

> determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the Court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1).

"At step two of the inquiry, § 3582 (c)(2) instructs a court to consider any applicable § 3553 (a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

**III. DISCUSSION**

Defendant's motion seeks a reduction to his 18-month term of imprisonment in this case predicated upon Part "A" of Amendment 821 to the United States Sentencing Guidelines § 4A1.1. This provision of the Amendment, which can be applied retroactively, reduces the value of the "status points" from two to one, but only if the defendant receiving the status point has seven or more criminal history points.

Defendant requests a 3-month reduction in his 18-month sentence to serve 15 months' imprisonment, arguing that Amendment 821 reduces his "status points" from two to zero, which in turn, reduces his criminal history point-score, resulting in total Criminal History Score of "II." With a Criminal History Score of II and a total offense level of 13, Defendant claims his new guideline range would be 15 to 21 months imprisonment.

Although the Government does not dispute Defendant's eligibility nor the calculations set forth above which comprise step one of the two-part *Dillon* analysis, the Government objects to a sentence reduction, arguing that the application of the § 3553(a) factors to the particular facts of the instant case fail to warrant such a reduction.

This Court concurs that Defendant is indeed eligible for a three-month sentence reduction as described in the first step of *Dillion's* "two-step inquiry." However, upon considering the § 3553 (a) factors, this Court, in its discretion, finds that the reduction authorized by reference to the policies relevant at step one is <u>not</u> warranted given the particular circumstances of this case.

First, the Court considers nature and circumstances of the offenses. As this Court has noted in the past, the seriousness of Defendant's original crime (for which Defendant was indicted at criminal number 17-0129), which involved him conspiring to commit sex trafficking of children and participating in at least three "gang bangs" with a minor child, is particularly heinous and egregious. The crimes to which he pled guilty in the instant matter arose when he, after being shown mercy by this Court to self-report to prison, fled to Arizona in an attempt to escape punishment for those heinous and egregious crimes. Defendant also completely disregarded the Court's Order by failing to register as a sex offender in accordance with SORNA within three days of his sentencing hearing. Thus, the Court finds the nature of the crimes in the instant case to be demonstrative of Defendant's failure or inability to accept responsibility for his criminal actions. The Court considers the instant crimes to be quite serious in nature given the circumstances.

Second, the Court finds that Defendant's complete disregard for two Court Orders – first, that he self-report to prison when required to do so, and second, that he register as a sex offender within three days of his sentencing hearing – demonstrates the seriousness of these offenses as

well as his utter lack of respect for the law. Defendant compounded his crime for sex trafficking by attempting to flee law enforcement and escape punishment of any kind. His attempt to subvert the law is something this Court cannot ignore.

Finally, the Court in fashioning the instant sentence of 18 months' imprisonment ordered Defendant to serve those 18 months consecutive to his 120-month term of imprisonment for conspiring to sex traffic children, deemed 18 months an appropriate (additional) amount of time for attempting to avoid punishment for his original crime. By fleeing to another state and failing to register for SORNA as required by this Court, Defendant not only demonstrated complete disregard for the law and this Court, but he also posed an inherent on-going danger to the public, especially children. This Court does not think a sentence of less than 18 months would be appropriate. Accordingly, the Court concludes that Defendant is not entitled to receive a sentence reduction upon the application of the § 3553(a) factors.

## ORDER

AND NOW, this 17th day October, for the reasons set forth above, Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

s/Arthur J. Schwab
ARTHUR J. SCHWAB
United States District Judge

cc:   All ECF Registered Counsel of Record